# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ESCO LEWIS BLAYLOCK, III, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PROGRESSIVE INSURANCE, | : | NO. 18-396 |
| Defendant. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                **FEBRUARY 2 , 2018**

Plaintiff Esco Lewis Blaylock, III brings this civil action against Progressive Insurance. For the following reasons, the Court will grant Mr. Blaylock leave to proceed *in forma pauperis* and will dismiss the Complaint for lack of subject matter jurisdiction.

### I. FACTS

In his Complaint, Mr. Blaylock alleges that at some time prior to December 23, 2017, his "vehicle was moved from its parking area along with [his] keys while [he] slept." (Compl. at 3.) He was "then assaulted by a group of people." (*Id.*) On December 23, 2017, Mr. Blaylock called the Philadelphia Police Department and Progressive for assistance with his vehicle "and was denied." (*Id.*) The state police subsequently located his vehicle and had it towed to Bristol, Pennsylvania. (*Id.*) Several days later, Progressive contacted Mr. Blaylock and "towed [his] vehicle to a junk yard to be destroyed." (*Id.*) According to Mr. Blaylock, Progressive agent Christian Carmichael "emailed the address to [him] of the junk yard and did not follow procedures or give [his] vehicle a proper evaluation, but required [that Mr. Blaylock] submit personal and health information, different from others." (*Id.*)

1

Based on those allegations, Mr. Blaylock initiated this civil action against Progressive Insurance. He asserts that the Court has federal question jurisdiction over his Complaint. (*Id.* at 2.) As relief, he seeks $2,600.00 for the value of his vehicle, $200.00 for compensation for the use of public transportation, $13.65 for compensation for the use of a taxi, $850.00 in lost income, $350.00 in lost savings from "not being able to shop at BJ's Warehouse and transport groceries," and $5,000.00 in pain and suffering. (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Blaylock leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim, or seeks relief from an immune defendant. Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Mr. Blaylock is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

In support of his assertion of federal question jurisdiction, Mr. Blaylock vaguely states that this matter involves "discrimination" and "civil rights." (Compl. at 2.) To the extent that Mr. Blaylock seeks to assert a civil rights claim pursuant to 42 U.S.C. § 1983, nothing in the Complaint establishes that Progressive Insurance is a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, the Court cannot discern any basis for federal question jurisdiction from Mr. Blaylock's vague assertion that Progressive Insurance discriminated against him. Accordingly, any federal claims will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2

Mr. Blaylock's Complaint also fails to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, the Complaint fails to establish that the parties are diverse for purposes of § 1332(a). Furthermore, the amount in controversy does not exceed the jurisdictional threshold. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Here, Mr. Blaylock seeks a total of $9,013.65 in damages, an amount far below the $75,000.00 amount in controversy requirement. Accordingly, it is clear to a legal certainty that Mr. Blaylock's damages do not exceed the jurisdictional threshold and that diversity jurisdiction is lacking.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Blaylock's Complaint without prejudice to him refiling this action in state court, or filing an amended complaint in this action within thirty (30) days in the event he can state a plausible claim for relief within this Court's jurisdiction. Any amended complaint must identify all defendants in the caption and must clearly set forth the basis for the Court's jurisdiction. An appropriate Order follows, which shall be docketed separately.

BY THE COURT:

/s/ Gerald A. McHugh

**GERALD A. MCHUGH, J.**